IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAMES LUCAS                                                                                    PLAINTIFF

vs.                                    Civil No. 6:25-cv-06100

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                                         DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

James Lucas ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the

Commissioner of the Social Security Administration ("SSA") denying his application for

Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II

and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey

referred this case to this Court for the purpose of making a report and recommendation.   In

accordance with that referral, and after reviewing the arguments in this case, this Court

recommends Plaintiff's case be **AFFIRMED.**

1.      **Background:**

Plaintiff filed his DIB application and SSI application on June 22, 2022.  (Tr. 38).[1]  In his

applications, Plaintiff alleges being disabled due to ankylosing spondylitis, sciatic nerve damage,

disc problems, chronic pain, neck problems, carpal tunnel syndrome, degenerative disc disease,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___."  The transcript
pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF
No. 6.   These references are to the page number of the transcript itself not the ECF page number.

osteoarthritis, and bipolar disorder. (Tr. 333). Plaintiff alleged an onset date of February 26, 2022. (Tr. 38). Plaintiff's applications were denied initially and again upon reconsideration. *Id.*

Plaintiff requested an administrative hearing on his denied applications, and this hearing request was granted. (Tr. 169-232). This hearing was held on April 9, 2024. (Tr. 59-102). At this hearing, Plaintiff was present and represented by Mickey Stevens. *Id.* Plaintiff and Vocational Expert ("VE") Myrtle Johnson testified at the hearing. *Id.*

The ALJ entered an unfavorable decision on July 18, 2024. (Tr. 38-52). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2025. (Tr. 41, Finding 1). The ALJ also determined Plaintiff had not engaged in substantial gainful activity ("SGA") since February 26, 2022. (Tr. 41, Finding 2).

The ALJ determined Plaintiff had severe impairments of carpal tunnel syndrome, spondylosis, chronic pain syndrome, post-traumatic stress disorder (PTSD), generalized anxiety disorder, and depressive disorder. (Tr. 41, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 42, Finding 4).

The ALJ considered Plaintiff's subjective complaints and determined his RFC. (Tr. 43-49). The ALJ evaluated Plaintiff's subjective complaints and found the claimed limitations were not entirely consistent with the medical evidence and other evidence in the record. *Id.* The ALJ also determined Plaintiff retained the RFC to perform light work except limited to occasional stooping, crouching, bending, kneeling, crawling, and overhead reaching along with limited to frequent fingering and handling. *Id.* Plaintiff was also limited to simple, routine, repetitive activities, simple work-related decisions, and occasional interaction with coworkers, supervisors, and the general public. *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 49, Finding 6).  The ALJ determined Plaintiff was not capable of performing any PRW.  *Id.*  However, the ALJ found there were jobs in significant numbers in the national economy that Plaintiff could perform.  (Tr. 50, Finding 10).  With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of (1) order caller with approximately 11,000 jobs in the nation, (2) router with approximately 25,000 jobs in the nation, and (3) price tagger marker with approximately 136,000 in the nation.  *Id*.  Based upon this finding, the ALJ determined Plaintiff had not been disabled under the Act from February 26, 2022, through the date of the decision.  (Tr. 51, Finding 11).

On September 29, 2025, Plaintiff filed the present appeal.  ECF No. 2.  Both parties have filed appeal briefs.  ECF Nos. 10, 11.  This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.      **Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence in the record.  ECF No. 10.  In making this claim, Plaintiff alleges the ALJ erred by failing to include limitations of a state agency psychological consultant despite the ALJ finding the doctor's assessment persuasive.  *Id.*  Plaintiff also alleges the ALJ erred by not including these additional limitations in the hypothetical question asked of the vocational expert.

In this matter, the ALJ determined Plaintiff retained the RFC to perform light work with postural, manipulative, and mental restrictions.  (Tr. 43-44, Finding 5).  Plaintiff argues the ALJ erred in this RFC determination by failing to include additional limitations found by Dr. Rachel Morrisey is a consultative psychological report.  ECF No. 10, Pgs. 6-24.  However, substantial evidence supports the ALJ's RFC determination and his decision in finding Plaintiff was not disabled within the meaning of the Act.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC.  *See* 20 C.F.R. § 404.1520(a)(4)(iv).  This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace.  *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004).  The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC.  *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *Cox*, 160 F.3d at 1206.  The mere fact a claimant has a long list of medical conditions does not demonstrate that person is disabled; instead, the RFC determination is a function-by-function

analysis.  *See* SSR 96-8P, 1996 WL 374184 (July 2, 1996).  "The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms."  *Id.*

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination.  *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001).  Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole.  *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

Based upon this standard and a review of Plaintiff's records and allegations in this case, the Court cannot find Plaintiff has demonstrated having any greater limitations than those found by the ALJ.  The ALJ provided a thorough summary of Plaintiff's medical records and subjective complaints in this matter.  The mere fact Plaintiff suffers from several impairments does not demonstrate he has more limitations than those found in the RFC assessment.

In his opinion, the ALJ considered Plaintiff's alleged impairments and discounted those he found were not credible.  (Tr. 44-49).  The ALJ considered the results of objective diagnostic tests and examination findings and discussed these in his decision.  *Id.*  The ALJ also considered the findings of medical consultants and considered Plaintiff's testimony and function reports in assessing his RFC.  *Id.*

Plaintiff alleges the ALJ erred in the RFC assessment by failing to include limitations of state agency psychological consultant, Dr. Rachel Morrisey, despite the ALJ finding the doctor's assessment persuasive.  These include Dr. Morrisey's opinion on Plaintiff's ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and

the opinion that Plaintiff requires superficial contact. However, the ALJ is not required to adopt the entire opinion of any medical expert, even if the ALJ views that opinion as persuasive. *Austin v. Kijakazi*, 52 F.4th 723, 729 (8th Cir. 2022) ("[T]he ALJ is free to accept some, but not all, of a medical opinion.").

Additionally, after thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true, and which were supported by the record as a whole. *Goff v. Barnhart*, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing work as order caller, router, and price tagger. *Pickney v. Chater*, 96 F.3d 294, 296 (8th Cir. 1996) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

Substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing his claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met this burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

**4.**     **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and recommends it be **AFFIRMED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

ENTERED this 16th day of April 2026.


/s/ *Spencer G. Singleton*
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE